UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

November 7, 2018

LETTER TO ALL COUNSEL OF RECORD

    Re:    *Lawrence D. v. Social Security Administration*[1]
            Civil No. 18-cv-00253–SAG

Dear Counsel:

    On January 26, 2018, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Social Security Administration, and remand the case to the Social Security Administration for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed a claim for benefits on October 21, 2015, alleging disability beginning on February 15, 2015. (Tr. 183-92). His claim was denied initially and on reconsideration following appeal. (Tr. 99-104, 107-15). Administrative Law Judge ("ALJ") Hope G. Grunberg held a hearing on April 24, 2017. (Tr. 27-59). Following that hearing, on June 7, 2017, the ALJ determined that Plaintiff was not disabled. (Tr. 8-28). The Appeals Council denied his request for review on December 7, 2017, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–5).

    In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,'

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since February 15, 2015. (Tr. 13). At step two, the ALJ determined that Plaintiff's "right foot hammertoe deformities, degenerative joint disease of the bilateral knees, chronic obstructive pulmonary disease (COPD), depression, adjustment disorder, and posttraumatic stress disorder (PTSD)" constitute severe impairments under the relevant regulations. (Tr. 14). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-16). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff has the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(c). The claimant can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally balance, stop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to fumes, odors, dusts, gases, and areas of poor ventilation. The claimant is limited to understanding, remembering and carrying out simple tasks.

(Tr. 16–20). Finally, at step four, the ALJ determined that Plaintiff is unable to perform any past relevant work, but in considering age, education, experience, and RFC, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (Tr. 20-21).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiffs raises two arguments on appeal. First, he argues that that the ALJ failed to include a proper limitation, or to provide a proper explanation for not including such limitation, to account for Plaintiff's "moderate difficulties" with regard to concentration, persistence, or pace. Second, he alleges that the final disability determination as to Plaintiff's usage of a cane is not supported by substantial evidence.

Plaintiff first argues that the ALJ's opinion violates the mandates set forth in the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), as the ALJ determined that the Plaintiff had moderate difficulties with regard to concentration, persistence, and pace but failed to include the limitation within the RFC determination or explain why no limitation was included. (ECF 13-1 at 9-11). Although, in this case, the ALJ ultimately found that Plaintiff's impairments did not meet or medically equal any of those listed in the regulations, a more-detailed explanation of the analysis at step three of the sequential evaluation will better inform the Court's decision here. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00–12.15. The relevant listings therein consist of (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria

2

and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* at § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* at § 12.00(C). The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations also offer little guidance as to the meaning of "moderate" limitations. *See Lewis v. Commissioner*, Civ. No. SAG–16–3661, 2017 WL 2683948, at *2 (D. Md. June 21, 2017).

In *Mascio*, the Fourth Circuit held that a remand was necessary where the hypothetical the ALJ posed to the vocational expert, and the corresponding RFC assessment, failed to include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637–38. In so holding, the Fourth Circuit agreed with other federal circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, or pace by merely restricting the hypothetical question posed to the vocational expert to simple, routine tasks or unskilled work. *Id.* at 638. Nonetheless, the Fourth Circuit noted that the failure to include additional limitations may not constitute error if the ALJ is able to offer an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not warrant a limitation in the claimant's RFC assessment. Simply put, the *Mascio* Court held that where an ALJ finds moderate difficulties at steps two or three of the sequential evaluation, the ALJ is then required either to include the appropriate limitations that would account for such difficulties in the RFC or to explain why no such limitations are necessary.

In this case, the ALJ assessed Plaintiff's mental impairments pursuant to the "special technique," and found that he had moderate limitations in concentration, persistence, or pace. (Tr. 15). The ALJ's complete assessment reads:
> With regard to concentration, persistence, or pace, the claimant has moderate difficulties. The claimant's hobbies include reading, painting, and drawing (Exhibit 9E/5). Moreover, he reported he could pay attention as needed (Exhibit 9E/6). The claimant testified he has difficulty with attention and concentration. However, he demonstrated intact attention and concentration upon examination (Exhibit 4F/53; 7F/60, 40). Moreover, he appeared to sustain adequate attention throughout his hearing testimony. Therefore, the claimant has moderate limitations maintaining concentrating, persisting, or maintaining pace.

*Id.* In determining Plaintiff's RFC, the ALJ stated that he was "limited to understanding, remembering and carrying out simple tasks." (Tr. 16). Plaintiff contends that the ALJ here committed a similar error to that in

3

*Mascio* because he determined that Plaintiffs has moderate limitations in concentration, persistence, or pace and subsequently failed to incorporate an appropriate limitation in the RFC assessment or, in the alternative, to indicate why his moderate limitations did not translate into a limitation in the RFC assessment.

The Court agrees with Plaintiff's argument in that the ALJ's analysis is insufficient under the relevant regulations. Indeed, the ALJ failed entirely to address Plaintiff's ability to persist, concentrate, and maintain pace for a full work day, to include a relevant limitation within the RFC determination, or, alternatively, to explain why no limitation was included. Such failure warrants remand for further analysis and explanation under *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's remaining argument alleges that the final disability determination as to Plaintiff's usage of a cane is not supported by substantial evidence. Plaintiff asserts that the ALJ's determination that "there is no indication this cane was prescribed or is medically necessary" is contrary to the testimony that it was prescribed, (Tr. 42) and direction to "use can as needed." (Tr. 455). In furthering these arguments, Plaintiff essentially asks the Court to reweigh the evidence in order to reach a different conclusion than the one the ALJ ultimately reached in this case. "However, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence." *Griffin v. Commissioner*, Civ. No. SAG–16–274, 2017 WL 432678, at *2 (D. Md. Jan. 31, 2017) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Here, the ALJ substantiated her decision through citation to Plaintiff's activities that included cutting grass, painting, shopping, riding a bike, walking the bike back uphill, lifting the bike. Additionally, the medical notation for use as needed is not a prescription nor was any evidence offered to show that the cane was medically necessary for ambulation. Because the ALJ supported her conclusion with substantial evidence, there is no basis for reweighing her conclusions. Nonetheless, since the case is remanded on other grounds, the ALJ will have the opportunity to provide further analysis and explanation, if desired, on remand.

For the reasons set forth herein, the cross motions for summary judgment, (ECF Nos. 13, 14), are DENIED, the Social Security Administration's judgment is REVERSED, and the case is REMANDED in order for the ALJ to provide further analysis and explanation.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge
